the company upon its bank account, with the proceeds of which the amount to which each workman was entitled was put into an envelope for him. In the time book was entered the wages paid the men respectively and in the journal was entered the amount paid them. The entries in those books were in the handwriting of the defendant, and by the entries in the former it appeared that the amount paid out for wages on August 4, 1893, was $379.66, and the corresponding entry in the journal of the amount was $409.66, thus representing a difference of thirty dollars, which it is charged was appropriated by the defendant to his own use. And in support of the charge of his felonious intent evidence was given to the effect that in several weeks subsequent to that time like discrepancies appear by the entries in those books producing the same and greater differences between the entries of payment of wages in the time book and in the journal. While this indicated an irregularity in the defendant's bookkeeping which would create suspicion against him, it did not necessarily prove that he had taken the differences in amount so represented. Another witness, who afterwards became a bookkeeper, testified that he had examined the situation on the 4th of August, 1893, as represented by the books, including the cash book of the company, and that it appeared by the cash book that there was on hand at the close of the day before, $29.87; that the receipts on that day, including the proceeds of the check of the company drawn upon its bank account, were $58.47, $3.09, $2.60 and the amount of the check $575, making together $660.03; that the amount paid out was the pay roll, $379.66, salaries, $151.77, to Mr. Voght, $41.50, sundries during the week, $32.37, and the balance remaining as appeared by the cash book was $33.73, making $639.03; producing a like difference of $30. This state of facts was apparently sufficient to justify the conclusion that somebody had on that day taken that amount of the company's money. The defendant as a witness in his behalf testified that the slip containing statement of wages and salaries and such sum as was needed was written by another, the assistant bookkeeper, that he (defendant) took the entry made in the journal from the slip as it appeared in the latter, and that the slip and entry in the journal would agree. The slip, as was common, appears not to have been returned after it was taken to the treasurer for the purpose of the check, but was destroyed. He also testified that he did not take thirty dollars or any other sum of the company's money. It appears that the cash book was kept and the entries made in it by the assistant bookkeeper, who also had access to the safe and who had charge of the petty cash drawer in which money was kept to pay freight, express charges and other minor expenses. There was evidence sufficient to justify the submission of the case to the jury for them to determine whether or not the defendant was guilty of the offense charged. And, therefore, the motion made at the close of the evidence for his discharge was properly denied. After the defendant had been examined as a witness, Mr. Voght, the president and treasurer of the company, was recalled, and after stating what the slips contained and that they were destroyed, was on the cross-examination asked: "They would be of some value if you had them now?" answered, "Yes, sir; they would be strong evidence against the prisoner." Thereupon the defendant's counsel asked that the answer be stricken out. This was denied and exception taken. The latter part of the answer was not responsive to the question

and should have been stricken out, and the motion may fairly have been understood to have had reference only to that part of the answer given by the witness. It is possible that the defendant may have been prejudiced by the expression that the slips would be strong evidence against him. The court in charging the jury stated that on the day the check of the company was made there was a balance on hand of twenty-nine dollars and eighty-seven cents, and that there should have on that day remained in the defendant's hands a balance of sixty-three dollars and thirty-three cents, whereas in fact there was but thirty-three dollars and thirty-three cents. The defendant's counsel excepted to that part of the statement in the charge that sixty-three dollars and thirty-three cents should have remained in the defendant's hands that day. Treating the entries in the cash book as evidence such appeared to have been the fact. But it may be observed that the entries in the cash book were not made by the defendant, nor did he, so far as appears, have anything to do with it. In that view the defendant's counsel requested the court to charge the jury that it was not shown that the company had any definite amount of money in its possession on the 4th of August, 1893. This was declined and exception taken. The fact was dependent upon the entries in the cash book as evidence. They were not made by the defendant. It does not appear that he had any knowledge of them, nor was any evidence verifying the entries given by the person who made them, and while the attention of the court was not called as specifically as it ought to have been to the question sought to be raised by the defendant's counsel, we think the fact should not be overlooked that the defendant may have been prejudiced by the effect which may be treated as having been given by the charge of the court to those entries in the cash book, the correctness of which was not supported by evidence other than that inherently manifested by them. The defendant should have a new trial. The conviction and judgment should be reversed and a new trial granted. Dwight, P. J., Lewis and Haight, JJ., concurred.

Julia Snow, as Administratrix, etc., of Israel Snow, Deceased, Respondent, v. The Buffalo Creek Railroad Company, Appellant, Impleaded, etc.— Order appealed from affirmed, with ten dollars costs and disbursements.

Vernon E. Smith, Respondent, v. Anna D. Weaver, Appellant.— Judgment of the County Court of Chautauqua appealed from affirmed, with costs.

The Hamilton Coal Company, Appellant, v. James F. Casey, as Surviving Partner of the firm of Bernhard & Casey, Respondent.—Order appealed from affirmed.

Edward F. Parker and Another, Respondents, v. Mary J. Bowman, Appellant.—Judgment appealed from affirmed.

Joseph Dorr, Respondent, v. German-American Brewing Company, Appellant. — Judgment and order appealed from affirmed.

Sarah Brooks, Respondent, v. Benjamin Brooks, Appellant. — Judgment appealed from affirmed, with costs.

John F. Dolan, as Surviving Partner, etc., Respondent, v. John C. Rogers, Appellant.— Judgment appealed from affirmed on the opinion of the referee.

Wilbert Shampagne, Respondent, v. Patrick Burke, Appellant.—Judgment of the County Court of Monroe county appealed from affirmed, with costs.

Walter H. Sherman, Respondent, v. Julius Robertson, Appellant.—Order appealed from affirmed, with ten dollars costs and disbursements.